**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DURACELL U.S. OPERATIONS, INC., a Delaware corporation; | ) ) | |
| | ) | Case No: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO IMPORT, INC., an Illinois corporation, and JOHN DOES 1-10; | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Duracell U.S. Operations, Inc. ("Plaintiff" or "Duracell") alleges as follows:

## NATURE OF THE ACTION

1.      This is a Complaint for damages and injunctive relief arising from Defendant Chicago Import, Inc.'s ("Chicago Import") and John Does 1-10's ("Doe Defendants") (collectively, "Defendants") misappropriation of Duracell's trademarks in connection with Defendants' unlawful and unauthorized advertisement, promotion, and sales of gray market Duracell products that are not intended to be sold in the United States.

2.      Duracell manufactures and distributes multiple types of alkaline batteries (such as AAA, AA, C, D, and 9V).  Among these are batteries that are manufactured for sale to retail consumers in the United States ("U.S. Batteries").  These batteries feature various material consumer benefits, including a guarantee and warranty as well as distinct packaging that provides information about the guarantee and warranty, warning labels, and contact information for Duracell's United States customer service department.

3.     Duracell also manufactures batteries for sale and use in foreign countries ("Foreign Batteries").  These batteries, which are sold to retail consumers in other countries, do not have the guarantee and warranty that accompany U.S. Batteries.  Foreign Batteries are also sold in packaging that uses Duracell's foreign trademarks (often including a depiction of a pink bunny (the "Duracell Bunny") or a brown bear (the "Duracell Bear")).  The Foreign Batteries' packaging uses foreign languages instead of English and lists contact information for foreign customer service call centers rather than United States call centers, which cannot be accessed by United States consumers.  Accordingly, Foreign Batteries are materially different from U.S. Batteries.

4.     Defendant Chicago Import is engaged in a deceptive scheme in which it offers Foreign Batteries for sale alongside U.S. Batteries and leads United States consumers to believe that all Duracell batteries they purchase from Chicago Import come with all of the benefits accompanying U.S. Batteries.  As a result, United States consumers are likely to be confused and disappointed when they discover that the products they have purchased from Chicago Import do not have these benefits they have come to expect from the Duracell brand.

5.     Based on the Defendants' unlawful actions, Duracell asserts claims for trademark infringement and trademark counterfeiting in violation of the Lanham Act, 15 U.S.C. § 1114; false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c); common law trademark infringement and unfair competition; and violation of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

## PARTIES

6.      Duracell U.S. Operations, Inc. is a Delaware corporation with its principal place of business located at 14 Research Drive, Bethel, Connecticut  06801.

7.      Defendant Chicago Import is an Illinois corporation with its principal place of business located at 3801 W. Lawrence Avenue, Chicago, Illinois 60625.

8.      The true names, involvement and capacities, whether individual, corporate, associated or otherwise, of John Does 1-10 are unknown to Duracell.  Therefore, Duracell sues these defendants by a fictitious name.  Duracell is informed and believes, and on that basis alleges, that each of the defendants sued herein is responsible in some manner for the events and occurrences referred to herein or otherwise interested in the outcome of this dispute.  When the true names, involvement and capacities of these parties are ascertained, Duracell will seek leave to amend this complaint accordingly.

## JURISDICTION

9.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. § 1367.  Duracell's federal claims are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and (c), and its claims arising under the laws of the State of Illinois are substantially related to its federal claims such that they form part of the same case or controversy.

10.      This Court has personal jurisdiction over Defendant Chicago Import because its principal place of business is located in Illinois, it transacts business in Illinois, and this action arises out of its conduct in Illinois.

## VENUE

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Chicago Import resides and conducts business within this judicial district. Alternatively, venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## FACTS

### The Duracell® Trademarks

12.    Duracell, one of the world's largest producers of batteries for consumer electronics products, is the owner of numerous registered Duracell® trademarks. For more than 50 years, Duracell has sold batteries to retail consumers marked with its famous DURACELL name and a copper-and-black color scheme that are covered by "incontestable" United States trademark registrations (collectively, as described in ¶¶ 13-18 below, the "Duracell® Marks").

13.    Duracell U.S. Operations, Inc. ("Duracell U.S.") owns the federal trademark registration for the DURACELL word mark in International Classes 007, 009, 011, 012, and 015, as well as U.S. Class 021, which was issued by the USPTO on or about July 27, 1965 (U.S. Trademark Registration No. 793,273) and is attached hereto as Exhibit A. This mark was first used in commerce on or around May 14, 1964.

14.    Duracell U.S. also owns the federal trademark registration for the highly distinctive and well-known "coppertop" design of the Duracell® battery. Duracell U.S. owns this design mark in International Class 009 and U.S. Class 021, which was issued by the USPTO on or about May 18, 1976 (U.S. Trademark Registration No. 1,039,589) and is attached hereto as Exhibit B. This mark was first used in commerce on or around September 1973.

15.     Duracell U.S. also owns the federal trademark registration for the highly distinctive and well-known "coppertop" design of the Duracell® battery.  Duracell U.S. owns this design mark in International Class 009 and U.S. Class 021, which was issued by the USPTO on or about December 30, 1980 (U.S. Trademark Registration No. 1,144,787) and is attached hereto as Exhibit C.  This mark was first used in commerce on or around September 1973.

16.     Duracell U.S. also owns the federal trademark registration for the highly distinctive and well-known "coppertop" design of the Duracell® battery.  Duracell U.S. owns this design mark in International Class 009 and U.S. Class 021, which was issued by the USPTO on or about May 5, 1981 (U.S. Trademark Registration No. 1,152,937) and is attached hereto as Exhibit D.  This mark was first used in commerce on or around September 1973.

17.     Duracell U.S. also owns the federal trademark registration for the DURACELL word mark in International Class 009 and U.S. Classes 021, 023, 026, 036, and 038, which was issued by the USPTO on or about April 18, 2006 (U.S. Trademark Registration No. 3,082,777) and is attached hereto as Exhibit E.  This mark was first used in commerce on or around February 15, 2004.

18.     Duracell U.S. also owns the federal trademark registration for the DURACELL word mark in International Class 009 and U.S. Classes 021, 023, 026, 036, and 038, which was issued by the USPTO on or about September 19, 2006 (U.S. Trademark Registration No. 3,144,722) and is attached hereto as Exhibit F.  This mark was first used in commerce on or around May 14, 1964.

19.     These Duracell® Marks have long held "incontestable" status and serve as conclusive evidence that purchasers rely on the registered Duracell word marks and copper-and-black color scheme as a way to identify the source of a battery product.

20.     Duracell actively uses and markets all of the Duracell® Marks in commerce.

21.     Due to the quality of Duracell's products, and because Duracell is recognized as the source of high quality products, the Duracell® Marks have significant value.

**Duracell's Products**

22.     Duracell is engaged in the manufacture, marketing, licensing, sale, and distribution of batteries worldwide.

23.     Duracell manufactures alkaline batteries in many common sizes, such as AAA, AA, C, D, and 9V.

24.     Duracell distributes U.S. Batteries to authorized distributors and retailers that in turn resell U.S. Batteries to United States consumers.

25.     Duracell also separately distributes Foreign Batteries to authorized distributors and retailers that sell the Foreign Batteries to consumers in other countries.

**U.S. Batteries And Foreign Batteries Are Materially Different Products**

26.     If a customer in the United States were to purchase a Foreign Battery under the belief that it has all of the benefits that accompany a U.S. Battery, that consumer would be confused and disappointed for several reasons.

27.     First, Duracell's U.S. Batteries come with Duracell's Battery Guarantee, which provides that Duracell will repair or replace any device that is damaged because of a defect in a U.S. Battery that was placed in the device.  Duracell's Battery Guarantee, however, does not apply to Foreign Batteries sold in the United States.  Similarly, any guarantees that may accompany Foreign Batteries do not apply if those batteries are sold in the United States.

28.     Duracell's U.S. Batteries also come with Duracell's standard ten-year retail consumer warranty, but this warranty does not apply to Foreign Batteries sold in the United

States. Similarly, any warranties that accompany Foreign Batteries do not apply if those batteries are sold in the United States.

29. Duracell places great importance on its retail customers receiving the best possible product experience and being fully apprised of the guarantees and/or warranties covering the batteries they purchase. To this end, Duracell carefully designs and controls the packaging of its products. The packaging for Duracell's U.S. Batteries provides information in the English language about Duracell's Battery Guarantee, Duracell's standard ten-year retail consumer warranty, contact information for Duracell's United States customer service department, and warning labels.

30. The packaging for Duracell's Foreign Batteries, in contrast, does not provide information about the guarantee and warranty applicable to purchasers of U.S. Batteries. The packaging also provides information in foreign languages and lists contact information for foreign customer service call centers rather than United States call centers, which are not intended for, and likely not accessible to, United States consumers.

31. Additionally, the Foreign Batteries' packaging makes advertising claims (*e.g.*, "Up to 6X Longer Lasting Power") that are intended for countries that have a significant percentage of zinc carbon batteries in their consumer battery markets, which is not the case in the United States. Duracell does not use these advertising claims in the United States.

32. Further, many of Duracell's Foreign Batteries are marketed and sold in packaging that bears an image of the Duracell Bunny in addition to the Duracell® Marks. Duracell does not use the Duracell Bunny on product packaging in the United States, but Duracell does use the Duracell Bunny on packaging in many territories outside of the United States.

**Defendants' Infringing Conduct**

33.     Defendant Chicago Import is currently offering Foreign Batteries for sale within the United States.  Below are images of Foreign Batteries being offered for sale by Chicago Import.     These     images     were     taken     from     Chicago     Import's     website, http://www.chicagoimportinc.net/batteries.html.

 

 




34.     As shown in these images from Chicago Import's website, it is currently offering multiple different types and sizes of Foreign Batteries for sale from its location within the United States.  The packaging for these products is different from Duracell's U.S. Batteries, as it contains foreign languages, advertising claims not intended for the United States market, non-United States customer service contact information, and depicts the Duracell Bunny that Duracell does not use on packaging in the United States.

35.     Duracell confirmed that Chicago Import is indeed selling Foreign Batteries by making a purchase of AA, AAA, C, D, and 9V batteries directly from Chicago Import. Photographs of some of the Foreign Batteries purchased from Chicago Import are shown below:









36. The infringing products sold by Defendant Chicago Import include Duracell®-branded batteries packaged in blister packs, meaning that a consumer can see the battery, including the Duracell® name and the distinctive "coppertop" battery design. Due to the wide consumer recognition of the Duracell® name and the "coppertop" design, United States consumers are being misled into believing that the Foreign Batteries being sold by Chicago Import are U.S. Batteries. In reality, consumers are purchasing Foreign Batteries that contain non-United States advertising claims and images of the Duracell Bunny that Duracell does not use in the United States, lack Duracell's Battery Guarantee or standard ten-year retail consumer warranty, and are being sold in packaging that omits the customer safety and customer service information consumers expect from Duracell's U.S. Batteries.

### Defendants' Counterfeit Packaging

37. Among the products purchased from Defendant Chicago Import were 9V batteries that initially appeared to be U.S. Batteries, as shown below:



38.     However, upon further inspection, Duracell discovered that the packaging for these 9V batteries (including the cardboard "card" to which the battery is affixed and the inner cardboard container holding 12 cards) is an unauthorized counterfeit reproduction of Duracell's United States' packaging and was neither manufactured by nor authorized to be manufactured on behalf of Duracell.  This counterfeit packaging contains unauthorized reproductions of the Duracell® Marks and is plainly misleading to consumers.

### Defendants' Illegal Sale Of Infringing Products

39.     Defendants, without authorization from Duracell, are unlawfully offering for sale Foreign Batteries that are not intended for sale in the United States.

40.     The Foreign Batteries sold by Defendants are materially different from U.S. Batteries (that are authorized to be sold in the United States) because they do not have Duracell's Battery Guarantee, they do not have Duracell's standard ten-year retail consumer warranty, their packaging contains advertising claims and designs not applicable to the United States market, and their packaging lacks proper English language customer safety information and contact information for Duracell's United States customer service department.

41.     As a result, by their unauthorized use of the Duracell® Marks, Defendants have misled consumers into believing they are purchasing products with the same bundle of benefits as U.S. Batteries.  In reality, however, customers are receiving unauthorized and diverted Foreign Batteries that are not intended for sale in the United States and which lack many of the material benefits United States customers associate with Duracell's U.S. Batteries.

### Duracell Has Suffered Significant Harm

42.     Duracell has suffered, and will continue to suffer, irreparable harm to the Duracell® Marks and its reputation and goodwill because of Defendants' actions.

43.     Defendants' unauthorized actions have caused, and are likely to further cause, confusion, mistake, and deception of Duracell's consumers, customers, and potential customers. Specifically, Defendants' use of the Duracell® Marks is likely to lead Duracell's customers and potential customers to mistakenly conclude that Defendants' sale of Foreign Batteries to United States consumers originates from, or is authorized and/or approved by Duracell, and conclude that the Foreign Batteries sold by Defendants are U.S. Batteries – of course, none of which is true.

44.     Moreover, Defendants' sale of batteries in counterfeit packaging is likely to cause consumer confusion because consumers will be misled into believing that the packaging bearing the Duracell® Marks was created by or otherwise authorized by Duracell.  Additionally, because Defendants are selling batteries in counterfeit packaging, Duracell cannot ensure that the batteries contained therein will reach customers in a safe and undamaged manner.

45.     Defendants' conduct was knowing, intentional, willful, malicious, wanton, and contrary to law.

46.     Duracell is entitled to injunctive relief because Defendants will otherwise continue to infringe its trademarks and unlawfully lead United States consumers to believe that Foreign Batteries have the same benefits as U.S. Batteries.  Defendants' ongoing illegal conduct has caused and will continue to cause irreparable harm to the Duracell® Marks, to Duracell's reputation and goodwill, and to the business of Duracell and its distributors.

## FIRST CAUSE OF ACTION
### Trademark Infringement
### 15 U.S.C. § 1114

47.     Duracell re-alleges and incorporates the allegations of paragraphs 1-46 above as if fully set forth herein.

48. Duracell is the owner of the Duracell® Marks.

49. Duracell has registered the Duracell® Marks with the United States Patent and Trademark Office.

50. The Duracell® Marks are valid and subsisting trademarks in full force and effect.

51. Defendants willfully and knowingly used, and continue to use, the Duracell® Marks in commerce for the purpose of advertising, promoting, and selling Foreign Batteries to consumers in the United States without the consent of Duracell.

52. Defendants' knowing and willful use of the Duracell® Marks in connection with their unauthorized and misleading advertising, promotion, and sale of Foreign Batteries to consumers in the United States is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants are offering for sale originate from, or are sponsored, authorized, or approved by Duracell to be sold to consumers in the United States, and because it suggests that the Foreign Batteries sold by Defendants are the same as Duracell's U.S. Batteries.

53. The Foreign Batteries sold by Defendants are not, in fact, the same as Duracell's U.S. Batteries. The products sold by Defendants are materially different from U.S. Batteries because they do not have Duracell's Battery Guarantee, they do not have Duracell's standard ten-year retail consumer warranty, their packaging contains advertising claims not applicable to the United States market, their packaging contains images of the Duracell Bunny that Duracell does not use in the United States, and their packaging lacks proper English language customer safety information and contact information for Duracell's United States customer service department.

54.     Defendants' unlawful actions and unauthorized use of the Duracell® Marks has materially damaged the value of the Duracell® Marks, caused significant damage to Duracell's business relations, and infringed on the Duracell® Marks.

55.     As a proximate result of Defendants' actions, Duracell has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

56.     Pursuant to 15 U.S.C. § 1116, Duracell is entitled to injunctive relief enjoining Defendants' infringing conduct.

57.     Pursuant to 15 U.S.C. § 1117(a), Duracell is entitled to enhanced damages and an award of attorneys' fees.

**SECOND CAUSE OF ACTION**
**False Advertising**
**15 U.S.C. § 1125(a)(1)(B)**

58.     Duracell re-alleges and incorporates the allegations of paragraphs 1-46 above as if fully set forth herein.

59.     Duracell is the owner of the Duracell® Marks.

60.     Duracell has registered the Duracell® Marks with the United States Patent and Trademark Office.

61.     The Duracell® Marks are valid and subsisting trademarks in full force and effect.

62.     Defendants willfully and knowingly used, and continue to use, the Duracell® Marks in interstate commerce for purposes of advertising, promoting, and selling Foreign Batteries to consumers in the United States without the consent of Duracell.

63.     Defendants' advertisements and promotions of their products unlawfully using the Duracell® Marks have been disseminated to the relevant purchasing public.

64.     Defendants' use of the Duracell® Marks in connection with the unauthorized advertising, promotion, and sale of Foreign Batteries to consumers in the United States misrepresents the nature, characteristics, qualities, and origin of the products.

65.     Defendants' use of the Duracell® Marks in connection with the unauthorized advertising, promotion, and sale of Foreign Batteries to consumers in the United States is likely to cause confusion, cause mistake, or deceive because it suggests that the products sold by Defendants are Duracell U.S. Batteries rather than Foreign Batteries and that the batteries sold by Defendants originate from, or are sponsored, authorized, or approved by Duracell to be sold to consumers in the United States.

66.     As a proximate result of Defendants' actions, Duracell has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

67.     Pursuant to 15 U.S.C. § 1116, Duracell is entitled to injunctive relief enjoining Defendants' infringing conduct.

68.     Pursuant to 15 U.S.C. § 1117(a), Duracell is entitled to enhanced damages and an award of attorneys' fees.

### THIRD CAUSE OF ACTION
### Unfair Competition And False Designation Of Origin
### 15 U.S.C. § 1125(a)(1)(A)

69.     Duracell re-alleges and incorporates the allegations of paragraphs 1-46 above as if fully set forth herein.

70.     Duracell is the owner of the Duracell® Marks.

71.     Duracell has registered the Duracell® Marks with the United States Patent and Trademark Office.

72.     The Duracell® Marks are valid and subsisting trademarks in full force and effect.

73.     Defendants have willfully and knowingly used the Duracell® Marks in interstate commerce for the purposes of selling unlawfully diverted Foreign Batteries to consumers in the United States without the consent of Duracell.

74.     Defendants' use of the Duracell® Marks in connection with their unauthorized and misleading advertising, promotion, and sale of Foreign Batteries to consumers in the United States is likely to cause confusion, cause mistake, or deceive because it suggests that the Foreign Batteries Defendants have advertised and offered for sale to United States consumers originate from, or are sponsored, authorized, or approved by Duracell to be sold to consumers in the United States– Defendants' representations are knowingly false.

75.     Defendants' unauthorized sale of products bearing the Duracell® Marks and their unauthorized use of the Duracell® Marks in advertising materially damages the value of the Duracell® Marks and causes significant damages to Duracell's business relations.

76.     Defendants' unauthorized sale of products bearing the Duracell® Marks and their unauthorized use of the Duracell® Marks in advertising infringes on the Duracell® Marks.

77.     As a proximate result of Defendants' actions, Duracell has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

78.     Pursuant to 15 U.S.C. § 1116, Duracell is entitled to injunctive relief enjoining Defendants' infringing conduct.

79.     Pursuant to 15 U.S.C. § 1117(a), Duracell is entitled to enhanced damages and an award of attorneys' fees.

## FOURTH CAUSE OF ACTION
### Trademark Dilution
### 15 U.S.C. § 1125(c)

80.     Duracell re-alleges and incorporates the allegations of paragraphs 1-46 above as if fully set forth herein.

81.     Duracell is the owner of the Duracell® Marks.

82.     Duracell has registered the Duracell® Marks with the United States Patent and Trademark Office.

83.     The Duracell® Marks are valid and subsisting trademarks in full force and effect.

84.     The Duracell® Marks are distinctive, famous, and widely recognized by the consuming public.

85.     Duracell is widely recognized as the designated source of goods bearing the Duracell® Marks.

86.     Defendants' use of the Duracell® Marks began after the Duracell® Marks had become famous.

87.     Defendants' willful use of the Duracell® Marks in connection with the unauthorized and illegal advertising, promotion, and sale of Foreign Batteries to consumers in the United States is diluting the Duracell® Marks because the products Defendants are offering for sale are not the same as Duracell's U.S. Batteries.

88.     As a proximate result of Defendants' dilution of the Duracell® Marks, the reputation and goodwill associated with the Duracell® Marks has been, and continues to be, harmed, and Duracell has suffered, and continues to suffer, immediate and irreparable injury.

89.     Further, Duracell has suffered, and continues to suffer, damages, including to its business, goodwill, reputation, and profits in an amount to be proven at trial.

90. Pursuant to 15 U.S.C. § 1116, Duracell is entitled to injunctive relief enjoining Defendants' infringing conduct.

91. Pursuant to 15 U.S.C. § 1117(a), Duracell is entitled to enhanced damages and an award of attorneys' fees.

### FIFTH CAUSE OF ACTION
### Trademark Counterfeiting
### 15 U.S.C. § 1114

92. Duracell re-alleges and incorporates the allegations of paragraphs 1-46 above as if fully set forth herein.

93. Duracell is the owner of the Duracell® Marks.

94. Duracell has registered the Duracell® Marks with the United States Patent and Trademark Office.

95. The Duracell® Marks are valid and subsisting trademarks in full force and effect.

96. Defendants have used in commerce counterfeit reproductions of Duracell's 9V battery packaging and the Duracell® Marks that are identical with, or substantially indistinguishable from, the Duracell® Marks on goods covered by Duracell's federal trademark registrations.

97. Defendants have intentionally used these spurious designations, knowing that they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale, and distribution of goods.

98. Defendants' use of the Duracell® Marks to advertise, promote, offer for sale, distribute, and sell products packaged in counterfeit packaging and bearing counterfeit trademarks was at all times and is currently without Duracell's authorization, license, or consent.

99. Defendants' unauthorized use of the Duracell® Marks on counterfeit packaging bearing counterfeit trademarks in connection with their advertisement, promotion, sale, offering for sale, and distribution of goods on the Internet and at their physical store location constitutes use of the Duracell® Marks in commerce.

100. Defendants' unauthorized use of the Duracell® Marks is likely to: (a) cause confusion, mistake, and deception; (b) cause the public to believe that Defendants' goods and packaging are the same as authorized Duracell goods and packaging and/or that the products and packaging sold by Defendants are affiliated with, connected to, associated with, or in some way related to Duracell; (c) result in Defendants benefiting from Duracell's advertising and promotion; and (d) result in Defendants unfairly profiting from Duracell's reputation and trademarks all to the substantial and irreparable injury of the public, Duracell, the Duracell® Marks, and the substantial goodwill they represent.

101. Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

102. By reason for the foregoing, Defendants are liable to Duracell for: (a) statutory damages in the of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Duracell's election, an amount representing three (3) times Duracell's damages and/or Defendants' illicit profits; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment internet pursuant to 15 U.S.C. § 1117(b).

103. Duracell is also entitled to temporary, preliminary, and permanent injunctive relief, including an order permitting the seizure of all "goods and counterfeit marks . . . the means of making such [counterfeit] marks, and records documenting the manufacture, sale, or receipt of things involved in such [counterfeiting] violation[s]" pursuant to 15 U.S.C. § 1116(d).

## SIXTH CAUSE OF ACTION
### Illinois Common Law Trademark Infringement And Unfair Competition

104.     Duracell re-alleges and incorporates the allegations of paragraphs 1-46 above as if fully set forth herein.

105.     This claim arises under the laws of the State of Illinois.

106.     Duracell U.S. is the owner of the Duracell® Marks.

107.     Duracell U.S. has registered the Duracell® Marks with the United States Patent and Trademark Office.

108.     The Duracell® Marks are valid and subsisting trademarks in full force and effect.

109.     Defendants willfully and knowingly used, and continue to use, the Duracell® Marks in commerce for the purpose of advertising, promoting, and selling Foreign Batteries to consumers in the United States without the consent of Duracell.

110.     Defendants' knowing and willful use of the Duracell® Marks in connection with their unauthorized and misleading advertising, promotion, and sale of Foreign Batteries to consumers in the United States is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants are offering for sale originate from, or are sponsored, authorized, or approved by Duracell to be sold to consumers in the United States, and because it suggests that the Foreign Batteries sold by Defendants are the same as Duracell's U.S. Batteries.

111.     The Foreign Batteries sold by Defendants are not, in fact, the same as Duracell's U.S. Batteries.  The products sold by Defendants are materially different from U.S. Batteries because they do not have Duracell's Battery Guarantee, they do not have Duracell's standard ten-year retail consumer warranty, their packaging contains advertising claims not applicable to the United States market, their packaging contains images of the Duracell Bunny that Duracell does not use in the United States, and their packaging lacks proper English language customer

safety information and contact information for Duracell's United States customer service department.

112.    Defendants' unlawful actions and unauthorized use of the Duracell® Marks has materially damaged the value of the Duracell® Marks, caused significant damage to Duracell's business relations, and infringed on the Duracell® Marks.

113.    As a proximate result of Defendants' actions, Duracell has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

114.    Duracell is also entitled to punitive damages because Defendants have acted with such a conscious and deliberate disregard of the interests of others that their conduct may be called willful or wanton.

## SEVENTH CAUSE OF ACTION
### Uniform Deceptive Trade Practices Act
### 815 ILCS 510/2

115.    Duracell re-alleges and incorporates the allegations of paragraphs 1-46 above as if fully set forth herein.

116.    This claim arises under the laws of the State of Illinois.

117.    Duracell U.S. is the owner of the Duracell® Marks.

118.    The Duracell® Marks are valid and subsisting trademarks in full force and effect.

119.    Defendants have engaged and are engaging in a deceptive trade practice by, in the course of their business, creating a likelihood of confusion as to the source, sponsorship, approval, or certification of the Foreign Batteries they are offering for sale to United States consumers.

120.    Specifically, Defendants' use of the Duracell® Marks is likely to lead Duracell's customers and potential customers to mistakenly conclude that Defendants' sale of Foreign Batteries to United States consumers originates from or is sponsored, approval, or certified by Duracell.  In actuality, however, Duracell does not authorize Foreign Batteries to be sold to United States consumers because Foreign Batteries do not have the same customer benefits as U.S. Batteries.

121.    As a proximate result of Defendants' actions, Duracell has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, good will, reputation, and profits in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Duracell respectfully prays for relief and judgment as follows:

A.    Judgment in favor of Duracell and against Defendants in an amount to be determined at trial, including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, including disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B.    A preliminary and permanent injunction enjoining Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "Enjoined Parties") as follows:

i)    Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all Duracell products;

ii)    Prohibiting the Enjoined Parties from using any of the Duracell® Marks in any manner, including advertising on the Internet;

iii)    Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to

sell, advertising, promoting, or displaying any and all Duracell products as well as any products bearing any of the Duracell® Marks;

iv)  Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Duracell® Marks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

v)  Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any of Duracell's products, or any of the Duracell® Marks;

vi)  Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (such as Google, Yahoo!, and Bing), to remove from the Internet any of the Duracell® Marks which associate Duracell's products or the Duracell® Marks with the Enjoined Parties or websites used by the Enjoined Parties;

vii)  Requiring the Enjoined Parties to take all action to remove unauthorized Duracell® Marks from the Internet, including from the website www.chicagoimportinc.net;

C.  An order, pursuant to 15 U.S.C. § 1116(d) and the Court's inherent authority, directing seizure of all counterfeit goods evidence of Defendants' unlawful conduct;

D.  An award of attorneys' fees, costs, and expenses; and

E.  Such other and further relief as the Court deems just, equitable and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Duracell demands a trial by jury on all issues so triable.

Dated:  October 11, 2017                    Respectfully submitted,

                                   By: /s/ James T. Hultquist
                                        James T. Hultquist (6204320)
                                        REED SMITH LLP
                                        10 South Wacker Drive, 40th Floor
                                        Chicago, Illinois 60606
                                        Tel: (312) 207-1000 / Fax: (312) 207-6400
                                        jhultquist@reedsmith.com

And

Daren S. Garcia (*pro hac vice* to be filed)
VORYS, SATER, SEYMOUR AND PEASE LLP
500 Grant Street, Suite 4900
Pittsburgh, PA 15219-2502
Tel: (412) 904-7700 / Fax: (412) 904-7817
dsgarcia@vorys.com

T. Blake Finney (*pro hac vice* to be filed)
VORYS, SATER, SEYMOUR AND PEASE LLP
Great American Tower, Suite 3500
301 East Fourth Street
Cincinnati, OH 45202
Tel: (513) 723-4000 / Fax: (513) 852-7845
tbfinney@vorys.com

***Attorneys for Plaintiff Duracell U.S. Operations, Inc.***

# EXHIBIT A

# United States Patent Office

**793,273**
Registered July 27, 1965

## PRINCIPAL REGISTER
### Trademark

Ser. No. 198,063, filed July 17, 1964

# DURACELL

P. R. Mallory & Co., Inc. (Delaware corporation)
3029 E. Washington St.
Indianapolis, Ind.

For: MERCURY AND MANGANESE BATTERIES,
OTHER THAN HEAVY DUTY STORAGE BAT-
TERIES, in CLASS 21.

First use on or about May 4, 1964; in commerce on or
about May 14, 1964.

# EXHIBIT B

Int. Cl.: 9

Prior U.S. Cl.: 21

Reg. No. 1,039,589

**United States Patent and Trademark Office**

Registered May 18, 1976

10 Year Renewal

Renewal Term Begins May 18, 1996

## TRADEMARK
### PRINCIPAL REGISTER



DURANAME CORP. (DELAWARE COR-
PORATION)
C/O DURACELL INC.
BERKSHIRE INDUSTRIAL PARK
BETHEL, CT 06801, BY CHANGE OF
NAME AND ASSIGNMENT FROM P.
R. MALLORY & CO. INC. (DELA-
WARE CORPORATION) INDIANAPO-
LIS, IN

OWNER OF U.S. REG. NOS. 793,273,
838,685 AND 974,286.

THE DRAWING IS LINED FOR THE
COLOR, COPPER, AND REGISTRANT
MAKES CLAIM TO COLOR AS A FEA-
TURE OF THE MARK.

FOR: PRIMARY BATTERY CELLS, IN
CLASS 9 (U.S. CL. 21).

FIRST USE 9-0-1973; IN COMMERCE
9-0-1973.

SER. NO. 73-057,211, FILED 7-9-1975.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on July 30, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 9

Prior U.S. Cl.: 21

## United States Patent Office

Reg. No. 1,039,589

Registered May 18, 1976

## TRADEMARK
### Principal Register



P. R. Mallory & Co. Inc. (Delaware corporation)
3029 E. Washington St.
Indianapolis, Ind. 46206

For: PRIMARY BATTERY CELLS, in CLASS 9 (U.S. CL. 21).

First use at least as early as September 1973; in commerce at least as early as September 1973.

The drawing is lined for the color, copper, and registrant makes claim to color as a feature of the mark.

Owner of Reg. Nos. 793,273, 838,685, and 974,286.

Ser. No. 57,211, filed July 9, 1975.

CHARLES R. FOWLER, Supervisory Examiner

RICHARD A. STRASER, Examiner

# EXHIBIT C

Int. Cl.: 9

Prior U.S. Cl.: 21

**United States Patent and Trademark Office**

Reg. No. 1,144,787
Registered Dec. 30, 1980

## TRADEMARK
### Principal Register



P. R. Mallory & Co. Inc. (Delaware corporation)
3029 E. Washington St.
Indianapolis, Ind. 46206

For: DRY CELL BATTERY, in CLASS 9 (U.S.
Cl. 21).
First use Sep. 1973; in commerce Sep. 1973.
Owner of U.S. Reg. Nos. 838,685, 974,286 and
1,039,589.

The drawing is lined for the color metallic brown,
embodying a copper tint. The dotted lines represent
the entire configuration of the battery container and is
not part of the mark, since, it serves only to show the
mark's position and applicant makes no claim to the
non-distinctive container configuration.

Ser. No. 77,730, filed Feb. 19, 1976.

G. T. GLYNN, Primary Examiner

BEST AVAILABLE COP

Int. Cl.: 9

Prior U.S. Cl.: 21

## United States Patent and Trademark Office

**Reg. No. 1,144,787**
Registered Dec. 30, 1980

## TRADEMARK
### Principal Register



P. R. Mallory & Co. Inc. (Delaware corporation)
3029 E. Washington St.
Indianapolis, Ind. 46206

For: DRY CELL BATTERY, in CLASS 9 (U.S. Cl. 21).

First use Sep. 1973; in commerce Sep. 1973.

Owner of U.S. Reg. Nos. 838,685, 974,286 and 1,039,589.

The drawing is lined for the color metallic brown, embodying a copper tint. The dotted lines represent the entire configuration of the battery container and is not part of the mark, since, it serves only to show the mark's position and applicant makes no claim to the non-distinctive container configuration.

Ser. No. 77,730, filed Feb. 19, 1976.

G. T. GLYNN, Primary Examiner

# EXHIBIT D

Int. Cl.: 9

Prior U.S. Cl.: 21

## United States Patent and Trademark Office

Reg. No. 1,152,937
Registered May 5, 1981

### TRADEMARK
Principal Register



P. R. Mallory & Co. Inc. (Delaware corporation)
3029 E. Washington St.
Indianapolis, Ind. 46206

For: BATTERIES, in CLASS 9 (U.S. Cl. 21).
First use Sep. 1973; in commerce Sep. 1973.
The drawing is lined for the color metallic brown, embodying a copper tint with the solid black areas representing the color black, and claim is made for such colors. The mark consists of bands of copper and black. The configuration of the battery is shown by dotted lines and is not part of the mark. Applicant makes no claim to the non-distinctive container configuration.

Ser. No. 77,688, filed Feb. 19, 1976.

J. TINGLEY, Primary Examiner

Int. Cl.: 9

Prior U.S. Cl.: 21

## United States Patent and Trademark Office

Reg. No. 1,152,937
Registered May 5, 1981

## TRADEMARK
### Principal Register



P. R. Mallory & Co. Inc. (Delaware corporation)
3029 E. Washington St.
Indianapolis, Ind. 46206

For: BATTERIES, in CLASS 9 (U.S. Cl. 21).
First use Sep. 1973; in commerce Sep. 1973.
The drawing is lined for the color metallic brown, embodying a copper tint with the solid black areas representing the color black, and claim is made for such colors. The mark consists of bands of copper and black. The configuration of the battery is shown by dotted lines and is not part of the mark. Applicant makes no claim to the non-distinctive container configuration.

Ser. No. 77,688, filed Feb. 19, 1976.

J. TINGLEY, Primary Examiner

**EXHIBIT E**

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 3,082,777
Registered Apr. 18, 2006

### TRADEMARK
### PRINCIPAL REGISTER



THE GILLETTE COMPANY (DELAWARE COR-
PORATION)
PRUDENTIAL TOWER BUILDING, 40TH FLOOR
BOSTON, MA 02199

FOR: BATTERIES, IN CLASS 9 (U.S. CLS. 21, 23, 26,
36 AND 38).

FIRST USE 2-15-2004; IN COMMERCE 2-15-2004.

OWNER OF U.S. REG. NOS. 793,273, 1,417,363 AND
OTHERS.

SER. NO. 78-625,474, FILED 5-9-2005.

JOHN WILKE, EXAMINING ATTORNEY

# EXHIBIT F

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 3,144,722

## United States Patent and Trademark Office

Registered Sep. 19, 2006

### TRADEMARK
### PRINCIPAL REGISTER

# DURACELL

THE GILLETTE COMPANY (DELAWARE COR-
PORATION)
PRUDENTIAL TOWER BUILDING, 40TH FLOOR
BOSTON, MA 02199

FOR: BATTERIES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-14-1964; IN COMMERCE 5-14-1964.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 793,273, 2,936,877 AND
OTHERS.

SER. NO. 78-624,053, FILED 5-5-2005.

ELIZABETH J. WINTER, EXAMINING ATTORNEY